UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RYAN JAMES REEDER,

                        Plaintiff,

      v.

DETECTIVE STEVEN VINE, et al.,

                        Defendants.
_____

DECISION & ORDER

20-CV-6026EAW

On January 9, 2020, *pro se* plaintiff Ryan James Reeder commenced this action against Geneva Police Detective Steven Vine and Seneca County Sheriff's Office Investigator Michael Strohm.[1] (Docket ## 1, 14). The complaint asserts claims of false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983, arising out of Reeder's October 10, 2017 arrest and his subsequent criminal prosecutions in Seneca County and Ontario County. (Docket ## 14, 15). Reeder was convicted in Seneca County, and the Ontario County prosecution was eventually dismissed.[2] (*Id.*).

Currently pending before this Court are Reeder's motions to appoint counsel (Docket ## 40, 62). Also pending are several motions filed by Reeder seeking to compel discovery, the issuance of subpoenas, and the imposition of sanctions. (Docket ## 41, 52, 69, 75, 85).

---

[1] Reeder named several other defendants who have since been dismissed from the action. (Docket ## 1, 13).

[2] Reeder was prosecuted in Ontario County based upon alleged controlled purchases on September 7 and 8, 2017. (Docket ## 13 at 4; 98 at ¶ 3). The charges were subsequently dismissed with leave to represent due to an error in the grand jury instructions. (Docket ## 13 at 4; 53-17). Reeder was also prosecuted in Seneca County for possession of narcotics on October 10, 2017. (Docket ## 55-11; 98 at ¶ 4). Reeder was convicted on the Seneca County charge following a bench trial, and the conviction was affirmed on appeal. (Docket ## 55-10; 55-23; 98 at ¶ 4).

I.  **Motions to Appoint Counsel (Docket ## 40, 62)**

Reeder requests appointment of counsel on the grounds that his current incarceration limits his ability to communicate with potential witnesses. (Docket # 62-1 at ¶ 2(B)). He also maintains that he suffers from several mental impairments that impede his ability to litigate this matter. (*Id.* at ¶ 2(C)). According to Reeder, he experiences anxiety attacks and has difficulty sleeping and remaining on task. (*Id.*).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61 62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61, 62, that appointment of counsel is not warranted at this time. Although discovery has been conducted, Reeder has not yet established a likelihood of success on the merits. Moreover, the legal issues in this case do not appear to be complex.

In addition, Reeder's conduct in prosecuting this matter strongly suggests that he is capable of understanding and handling the litigation, contrary to his claims in the pending motions. Reeder drafted the original complaint and thereafter submitted an amended complaint consistent with the district court's decision dismissing his claims but permitting him leave to replead the claims against Vine and Strohm. (Docket ## 1, 13, 14). He also has propounded discovery requests and has filed several motions seeking the Court's assistance to obtain responses from defendants. (Docket ## 33, 41, 52, 69, 75, 85).

Although Reeder alleges that he suffers from mental health impairments including PTSD, anxiety disorder, depressive disorder, attention deficit disorder, and substance abuse disorders, he has not demonstrated that those impairments limit his ability to litigate this case. Appointment of counsel is thus not warranted on that basis, especially where Reeder has shown the ability to pursue his claims in this case. *See*, *e.g.*, *Perez v. Cnty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues"). Finally, Reeder's case does not present any special reasons justifying the assignment of counsel.

On this record, Reeder's requests for the appointment of counsel (Docket ## 40, 62) are denied without prejudice at this time. It is Reeder's responsibility to retain an attorney or continue with this lawsuit pro se. 28 U.S.C. § 1654.

II.     **Discovery Motions (Docket ## 41, 52, 69, 75, 85)**

The other motions pending before the Court concern Reeder's attempts to obtain responses to discovery demands he served on September 1, 2021. (Docket ## 33, 34). Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants were required to respond to the demands within thirty days after being served with them. Fed. R. Civ. P. 34(b)(2)(A).

Inexplicably, neither defendant responded to Reeder's demands, and the deadline for fact discovery expired on February 28, 2022. (Docket ## 31, 41).

By motion dated March 21, 2022, seven days after the deadline for motions to compel, Reeder filed the pending motion seeking to compel defendants to respond to his outstanding requests and requesting that the Court consider his belated motion. (Docket # 41). The Court issued a motion scheduling order requiring responses to the motion on or before April 15, 2022. (Docket # 44). On April 14, 2022, Vine served his written responses to Reeder's discovery demands and produced responsive documents – more than six months after they were due. (Docket # 45). He also opposed Reeder's motion to compel as moot. (Docket # 46). Vine offered no explanation for his delay in responding to the demands. (*Id.*).

On April 22, 2022, one week after the Court's deadline for filing a response to the pending motion, Strohm served written responses to Reeder's discovery demands and produced responsive documents. (Docket # 49). Strohm offered no explanation for his delay in responding to Reeder's demands or his failure to comply with the Court's motion scheduling order.³ (Docket # 50).

In a further attempt to obtain documents in support of his claims, on April 24, 2022, Reeder served Freedom of Information Law ("FOIL") requests on the Geneva Police Department and the Seneca County Sherriff's Department. (Docket # 51). Seneca County represents that it complied with the FOIL request and provided responsive documents to Reeder. (Docket # 60). It appears that Ontario County denied the FOIL request on the grounds that it did not possess records relating to the investigation and arrest of Reeder. (Docket #59).

---

³ Defendants' inattention to their discovery obligations and, in Strohm's case especially, court-ordered deadlines is remarkable. Had Reeder been represented by counsel, such delinquency may have resulted in an order requiring defendant to pay his attorney's fees incurred in making the motion under Rule 37(a)(5) of the Federal Rules of Civil Procedure.

Reeder filed several additional submissions with the Court in an attempt to obtain additional information that he regards as responsive to his requests. (Docket ## 52, 65, 67). He also filed two motions requesting that the Court issue subpoenas in order to obtain the information. (Docket ## 69, 70, 75). Review of Reeder's submissions demonstrates that he seeks information about five general subject matters: grand jury proceedings in Ontario County; grand jury proceedings in Seneca County; recordings of interactions with a confidential informant; a co-defendant's case file; and, information relating to a phone seized from Reeder.

### A. Ontario County Grand Jury Transcripts

According to Reeder, defendants produced the relevant grand jury transcripts relating to his criminal prosecution in Ontario County, but many of the pages were deficiently copied so that the first four lines of approximately half of the pages were missing or illegible. (Docket ## 65; 75 at 2-3). Vine represents that although he did not have the transcripts, he filed a motion in state court seeking their unsealing and subsequently produced them to plaintiff. (Docket # 96 at ¶¶ 7-9). When Reeder advised of the copying error, Vine's counsel recopied the transcripts and produced new copies to Reeder. (*Id.* at ¶ 13). Reeder has not disputed that he received proper copies. Accordingly, this dispute is now moot.

### B. Seneca County Grand Jury Transcripts

Reeder seeks an order compelling defendants to produce copies of the grand jury transcripts relating to his criminal prosecution in Seneca County, maintaining that they have not been produced despite repeated requests. (Docket ## 70 at 1; 75 at 1). Both Strohm and Vine have represented that they do not possess or have the ability to produce the transcripts. (Docket ## 72-1 at ¶ 2; 76 at ¶ 2; 96 at ¶ 14). According to Strohm's attorney, the Seneca County grand jury transcripts are sealed pursuant to New York state law. (Docket # 76 at ¶ 3). Strohm's

6

attorney conferred with the Seneca County District Attorney's Office and, based upon the conferral, he represented that Reeder was provided copies of transcripts of grand jury testimony offered by witnesses who later testified at Reeder's criminal trial. (*Id.* at ¶ 4). With respect to other portions of the transcripts, he believes that they remained sealed. (*Id.*).

Strohm and Vine cannot be compelled to produce documents that they do not possess or control. *Ramos v. Hy*, 2023 WL 128301, *2 (W.D.N.Y. 2023) ("defendants state that they do not possess copies of grand jury testimony[;] [d]efendants cannot be compelled to provide that which they do not possess"). With respect to Reeder's request for a subpoena to obtain additional Seneca County grand jury testimony, he must first apply to the state court for unsealing. *See Young v. Lugo*, 2022 WL 511454, *1 (E.D.N.Y. 2022) ("the overwhelming majority of precedent within this circuit supports the proposition that the appropriate process is for a movant to first seek relief in state court, regardless of whether an order unsealing grand jury minutes is ultimately proper") (quotation omitted). Accordingly, Reeder's motions seeking production of the Seneca County grand jury transcripts is denied.

C. **Audio and Video Recordings**

Reeder seeks production of the audio and video recordings of the controlled purchases that occurred on September 7 and 8, 2017. (Docket # 69 at 4-5). According to Vine's attorney, after receiving Reeder's discovery motions, he reviewed the materials provided by the District Attorney's office, discovered the video and audio files, and subsequently produced them to Reeder on October 24, 2022. (Docket # 96 at ¶ 5). Accordingly, this issue now appears moot.

D. **Co-Defendant's Case File**

Reeder seeks production of the case file relating to the investigation and prosecution of his co-defendant. (Docket ## 51; 67; 69 at 5). According to Reeder, he wishes to

obtain a copy of the application for a search warrant for the co-defendant's residence because he believes it contains information purportedly provided by the same confidential informant who provided information that law enforcement relied upon to arrest Reeder. (Docket ## 67; 69 at 5).

Reeder argues that the affidavit in support of the search warrant is relevant to establish that the confidential informant was unreliable and that law enforcement was aware of his unreliability. (*Id.*). Reeder contends that evidence the investigators expected to seize from the residence based upon the information that had been provided by the informant was not in fact discovered during the search.[4] (*Id.*). Reeder maintains that its absence demonstrates that the law enforcement officers knew that the informant was not reliable when they arrested Reeder two weeks later. (*Id.*).

Both Strohm and Vine have represented that they do not have the co-defendant's case file. (Docket ## 78-1 at ¶ 3; 96 at ¶ 14; 98 at ¶ 5). As stated above, defendants cannot be compelled to produce documents that they do not possess or control. Moreover, Reeder has failed to establish the relevance of the co-defendant's case file to his civil claims in this matter. The mere fact that evidence that the officers expected to be found inside the residence was not located does not necessarily undermine the probable cause supporting the warrant or the reliability of the informant. *See Green v. City of Mt. Vernon*, 96 F. Supp. 3d 263, 288-89 (S.D.N.Y. 2015) ("that the two people identified in the warrant allegedly turned out not to be present at the time the search was executed does not undermine a finding of probable cause, as the Supreme Court has held that the validity of a warrant is not impaired if it is based on

---

[4] Reeder's submissions relating to the search of the residence appear contradictory. At times he suggests that the search was conducted pursuant to a warrant, while at other times he suggests that a warrantless search was conducted. (*Compare* Docket # 14 at 7 ("police raid 2 weeks prior to my arrest that resulted in the police raiding the house without a warrant and finding not one thing the informant alleged to be in the house") and Docket # 69 at 5 ("[t]he warrant they never got before raiding the house") *with* Docket # 67 at 1 ("upon serving the warrant, none of the things the [informant] claimed were there were found").

seemingly reliable information which is later found to be erroneous[;] . . . [p]laintiffs' assertion that the informant was not credible is conclusory, and there is no plausible claim that the informant was unreliable or, more importantly, that the affiant and/or other officers who executed the warrant had reason to doubt the informant's credibility") (internal quotations omitted). On this record, Reeder's application for production of his co-defendant's case file is denied.

### E. Seized Tracfone

Finally, Reeder seeks production of a "Tracfone" that was seized from him during his October 10, 2017 arrest. (Docket ## 69 at 3-4; 85; 102). Reeder contends that the phone contains text messages exchanged that day between the confidential informant and him that will "prove the true version" of the events that occurred. (Docket ## 69 at 3-4; 85 at 12-13). According to Reeder, the text messages are relevant to establish that the confidential informant testified falsely during Reeder's Seneca County criminal trial, which resulted in his conviction. (Docket # 85 at 12-14).

In response, Strohm asserts that he did not seize the phone and has not been able to locate any record of the phone's seizure or possession by the Seneca County Sheriff's office. (Docket # 72-1 at ¶ 1). He represents that he is unable to produce the phone. (*Id.*). He also represents that Reeder's challenges to the stop of his vehicle on October 10, 2017, and his subsequent arrest and conviction were considered and rejected in the course of the Seneca County criminal proceedings. (Docket # 98 at ¶ 4). The record appears to support that assertion. (*See* Docket ## 53-24 at 13; 102 at 4).

Vine concedes that his review of the records reflects that the phone was seized and surrendered to the Geneva Police Department on October 10, 2017. (Docket # 78-1 at ¶ 2).

9

Vine represents that he does not have the phone and has not seen it since it was seized. (*Id.*). Vine has submitted an affidavit from Michael J. Passalacqua, Chief of the Geneva Police Department, representing that he conducted a search for the phone but was unable to locate it. (Docket # 78-2). According to Passalacqua, the phone is no longer in the possession of the Geneva Police Department. (*Id.*).

Reeder seeks spoliation sanctions and also requests that the Court issue a subpoena to compel the confidential informant's telephone carrier to produce the relevant text messages. (Docket ## 69; 85; 102). A party seeking spoliation sanctions must demonstrate "that the destroyed evidence was relevant to its claims or defenses." *Thurmond v. Bowman*, 2016 WL 1295957, *9 (W.D.N.Y.), *report and recommendation adopted by*, 199 F. Supp. 3d 686 (W.D.N.Y. 2016). Similarly, non-party subpoenas must seek information relevant to the claims at issue in the litigation. *See Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 475 (S.D.N.Y. 2016) ("[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings") (quotation omitted). Reeder contends that the text messages are relevant to challenge his Seneca County criminal conviction. (Docket # 85 at 12-14). Of course, this civil lawsuit brought pursuant to Section 1983 is not the proper vehicle through which to challenge the validity of his criminal conviction. *See Hooks v. City of New York*, 2022 WL 16964010, *6 (S.D.N.Y. 2022) ("when a plaintiff brings a § 1983 claim for damages, 'the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction'[;] . . . if a favorable outcome for the plaintiff would threaten to 'render a conviction or sentence invalid,' then the plaintiff must establish that the conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

10

question by a federal court's issuance of a writ of habeas corpus'") (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  Rather, the only claims remaining in this litigation are claims for false arrest and malicious prosecution, presumably in connection with the Ontario County prosecution.  To the extent Reeder maintains that the text messages are relevant to those claims, he has not articulated their relevancy.  Accordingly, on this record, Reeder has failed to establish that the text messages are relevant to his claims; his motions for sanctions and the issuance of a subpoena are denied.

## CONCLUSION

For the reasons discussed above, Reeder's motions seeking orders compelling discovery, authorizing the issuance of subpoenas, and imposing sanctions **(Docket ## 41, 52, 69, 75, 85)** are **DENIED**, and Reeder's motions for an order appointing counsel **(Docket ## 40, 62)** are **DENIED without prejudice**.  It is Reeder's responsibility to retain an attorney or continue with this lawsuit pro se.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       February 6, 2023